IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MATTHEW BECKLER,<br><br>*Plaintiff*,<br><br>v.<br><br>ZACHARY CONFECTIONS, INC.,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:24-cv-00037-TES |

**ORDER REMANDING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

Based on diversity jurisdiction, Defendant Zachary Confections, Inc. ("Zachary"), removed this case from the Superior Court of Baldwin County, Georgia, on January 29, 2024. [Doc. 1, p. 2 ¶ 6]. In it, Plaintiff Matthew Beckler asserts causes of action for products liability, negligence, punitive damages, and attorney's fees based on his allegations that Zachary's gummy bears were contaminated with what "was almost certainly rodent feces" and caused him to "experience gastrointestinal pain." [Doc. 1-1, p. 5–8, ¶¶ 4, 7, 9–17]. However, when it comes to a calculable amount of damages sought, the face of Plaintiff's Complaint [Doc. 1-1] doesn't provide one.

A.   **Background**

When a complaint, like Plaintiff's, "is uncertain or silent on the value of the relief [sought], 'the removing defendant under 28 U.S.C. § 1332 has the burden of proving the jurisdictional amount by a preponderance of the evidence.'" *Davis v. Singh*, No. 1:20-

CV-4217-AT, 2020 WL 13597490, at *2 (N.D. Ga. Nov. 4, 2020) (quoting *Lowery v. Honeywell Int'l Inc.*, 460 F. Supp. 2d 1288, 1296 (N.D. Ala. 2006)); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "If a basis for federal jurisdiction is not clear from the notice of removal and accompanying documents, the Court may not 'speculate' about the amount in controversy." *Davis*, 2020 WL 13597490, at *2 (citing *Lowery v. Ala. Power*, 483 F.3d 1184, 1220–21 (11th Cir. 2007)).

In this case, neither the Notice of Removal [Doc. 1] filed by Zachary nor any accompanying document solidifies the amount in controversy beyond mere speculation or unabashed guesswork. *Goldstein v. GFC Mkt. Realty Four, LLC*, No. 16-cv-60956-GAYLES, 2016 WL 5215024, at *7 (S.D. Fla. Sept. 21, 2016) (quoting *Lowery*, 483 F.3d at 1211); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 753–54 (11th Cir. 2010) (citation omitted) ("[W]ithout facts or specific allegations, the amount in controversy could be [discerned] only through speculation—and that is impermissible."). In fact, at the time of removal, the only workable number the Court had before it was a $65,000 post-complaint settlement offer that Plaintiff made to Zachary. [Doc. 1, p. 4 ¶ 13]. This settlement offer included Plaintiff's request for punitive damages as well as his efforts to hold Zachary strictly liable for his emotional distress, pain and suffering, and medical expenses. [*Id.*]; [Doc. 1-2, Brownewell Smith Aff., p. 3 ¶ 13 ("In response, Plaintiff's counsel stated that Plaintiff 'will accept $65,000, include [sic] of all claims, to resolve this

matter' and that Plaintiff 'is entitled to a substantial settlement in light of the severe problems he has experienced.'")]. It was, based on that amount, why Zachary removed this case to federal court. [Doc. 1, p. 4 ¶ 13 (quoting *Davis*, 2020 WL 13597490, at *2)].

Therefore, because federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press," the Court issued an Order to Show Cause [Doc. 5] directing the parties to focus on whether the amount-in-controversy requirement under § 1332(a) is really satisfied in this case. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (citing *Arbaugh*, 546 U.S. at 514). On March 11, 2024, the Court held a hearing to address that specific issue, and Zachary, relying on Plaintiff's Response [Doc. 14] to its interrogatories and requests for admission provided during the limited discovery period, argued that its removal was proper. *See generally* [Doc. 14]; *see also* [Doc. 9].

B. **The Amount-In-Controversey Is Not Satisfied**

When a case is removed to federal court, the district court—in order to proceed—must first determine whether it has original subject-matter jurisdiction over the removed claims. *Univ. of S. Ala.*, 168 F.3d at 410. Importantly, subject-matter jurisdiction is not something that can be thrust upon a district court, consented to, or waived. *Id.*; *Arbaugh*, 546 U.S. at 501.

Under § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . .

citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Simply enough, the parties do not dispute that they are from different states. Plaintiff is a Georgia citizen and Zachary "is a foreign corporation organized and existing under the laws of the State of Indiana."[1] [Doc. 1-1, p. 4 ¶¶ 2–3]; [Doc. 1, p. 3 ¶¶ 9–10]; *see also* [Doc. 1-2, Brownewell Smith Aff., p. 2 ¶¶ 6–8].

Now, as to the amount in controversy, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 410 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Since plaintiffs generally have a choice of forum, the removing defendant bears[2] the burden of proof on removal and, notably, "must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement." *Williams*, 269 F.3d at 1319–20; *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emphasis added), *overruled on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Further, a "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the

---

[1] To determine the citizenship of a corporation, like Zachary, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State and foreign state where it has its principal place of business." *Id.* at § 1332(c)(1). Here, Plaintiff's Complaint alleges and Zachary's Notice of Removal confirms that complete diversity of citizenship is present in this case. [Doc. 1-1, p. 4 ¶ 3]; [Doc. 1, p. 3 ¶¶ 9–11].

[2] Pun intended.

4

jurisdictional amount, removal statutes are construed narrowly." *Burns*, 31 F.3d at 1095. Finally, to ascertain whether an action meets the jurisdictional requirement, the Court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and should use "their judicial experience and common sense," rather than "suspend reality." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754, 770).

Here, one of the two charts created by Plaintiff indicates that he made 11 medical visits between January 3, 2022, and October 31, 2022, but he only characterized one as an out-of-pocket emergency room visit in the amount of $3,162.05. [Doc. 14, p. 3]. The other ten visits were for services performed by the VA Medical Center in Dublin, Georgia. [*Id.*]. As for Plaintiff's visits to the VA Medical Center, only five of them involved some sort of medical test, and the "sum or value" of those services is unknown. [*Id.*]; 28 U.S.C. § 1332(a). During the show-cause hearing, Zachary argued that the Court should "white board" what would essentially be the reasonable costs for Plaintiff's visits to the VA Medical Center and consider those costs in its calculations. However, the purpose of the limited discovery period regarding the amount in controversy was so that Zachary could collect "all evidence" for the value of the services performed by the VA Medical Center and thereby prevent any assumed "white boarded" amounts. [Doc. 5, p. 5]. Zachary failed to meet its burden. For the Court to place supposed values on the VA Medical Center's services without any factual support

5

for them would be nothing more than the Court impermissibly engaging in textbook speculation as to special damages, and that it cannot do. *Pretka*, 608 F.3d at 753–54.

Next, Zachary relies on Plaintiff's suppositions from his chart about self-employed lost wages from January 3, 2022, to October 31, 2022, and his mileage to and from medical visits. [Doc. 14, p. 6]. Assuming, for amount-in-controversy purposes, that each of Plaintiff's calculations are correct without any verifying proof—such as gas receipts or his 2022 tax return—they only amount to $8,343.93 and do not nudge his damages beyond what is required under § 1332. [*Id.*]. At most, Plaintiff's discernable damages amount to $11,505.98, and that's over $63,000 shy of where they need to be for the Court to have subject-matter jurisdiction over this case.

Considering that, alongside the fact that Plaintiff's settlement offer of $65,000 "includ[ed] his requests for punitive damages" for his "emotional distress [and] pain and suffering," the Court—using its judicial experience and common sense—simply disagrees that Zachary has met is burden of proving by a preponderance of the evidence that the amount in controversy will more likely than not exceed $75,000. *Williams*, 269 F.3d at 1319–20; *Roe*, 613 F.3d at 1061–62; *Tapscott*, 77 F.3d at 1357; [Doc. 1, p. 4 ¶ 13]. Zachary had every opportunity to remove conjecture and support its would-be "white boarded" values of the medical services performed by the VA Medical Center, but it didn't offer any evidence to support them. *Pretka*, 608 F.3d at 754 (citing *Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770–71 (6th Cir. 2009));

*Lowery*, 483 F.3d at 1215 ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."). The Court would have to engage in significant speculation and outright guesswork on this record to reach a sum that exceeds the amount-in-controversy requirement. There are too many doubts about jurisdiction, and doubts "should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 410. As the Eleventh Circuit has held for quite some time now, the jurisdictional amount is either stated clearly on the face of the documents before a court or is readily deducible from them. *Pretka*, 608 F.3d at 770 (quoting *Lowery*, 483 F.3d at 1211). "If not, [district courts] must remand." *Lowery*, 483 F.3d at 1211.

### C. Conclusion

Accordingly, the Court finds that it does not have subject-matter jurisdiction over this case and **REMANDS** it to the Superior Court of Baldwin County, Georgia. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject[-]matter jurisdiction, the case shall be remanded"). The Clerk is **DIRECTED** to forward a copy of this Order to the clerk of that court.

**SO ORDERED**, this 11th day of March, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**